CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
DEC 14 2006
JOHN F. CORCORAN, CLERK
BY: M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WADE SLAUGHTER, ) | |
|    Plaintiff, ) | Civil Action No. 7:06-cv-00692 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| TERRY O'BRIEN, et al., ) | By: Hon. Jackson L. Kiser |
|    Defendants. ) | Senior United States District Judge |

Plaintiff Wade Slaughter, inmate # 10593-081 at U.S.P. Lee County, filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) with jurisdiction vested pursuant to 28 U.S.C. §1331. In an order entered November 29, 2006, plaintiff was assessed a filing fee of $350.00 pursuant to 28 U.S.C. § 1915(b) and was directed to execute the then-enclosed Statement of Assets and Inmate Account Report so that the court could determine whether plaintiff should be allowed to pay the fee in installments pursuant to 28 U.S.C. § 1915(a)(2). Plaintiff was directed also to execute and return to the court an enclosed verified statement regarding exhaustion of administrative remedies as outlined in 42 U.S.C. § 1997e(a) and to submit documentation demonstrating that he had either exhausted the available remedies or that administrative remedies were not available. Additionally, plaintiff was directed to amend his complaint to name individuals subject to suit under Bivens as defendants and to particularize the facts of his claim.

However, upon further consideration of the complaint, it is clear that plaintiff admits that at the time he filed the instant suit he was still pursuing administrative relief through the institutional grievance procedure. Accordingly, because plaintiff did not exhaust his administrative remedies before filing this action, I find that his claims must be dismissed pursuant to 42 U.S.C. § 1997e(a).

1

The Prison Litigation Reform Act requires that inmates exhaust all available administrative remedies before filing an action challenging prison conditions. 42 U.S.C. § 1997e(a); see also, Dixon v. Page, 291 F.3d 485 (7th Cir. 2002), citing Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 535 (7th Cir. 1999) (holding that an inmate complaint must be dismissed for failure to exhaust even if the inmate demonstrates that he filed a grievance and appealed it to the highest level of the prison's grievance procedure after commencing the lawsuit). A district court may sua sponte dismiss a complaint where a prisoner's failure to exhaust is apparent from the face of the complaint. Anderson v. XYZ Correctional Health Services, 407 F.3d 674, 683 (2005).

In his complaint, plaintiff states that he is frustrated by the grievance process, but that he "will keep trying to exhaust the remedies" even though "the process has alocated [sic] know [sic] remedial out-come [sic] as of yet although I persist in filing the paper work . . . ." Accordingly, I find that Slaughter did not exhaust all available administrative remedies before filing his complaint. Thus, I shall dismiss these claims pursuant to 42 U.S.C. § 1997e(a) for failure to exhaust administrative remedies.

The Clerk is directed to send certified copies of this Memorandum Opinion and accompanying Order to plaintiff and to counsel of record for the defendants, if known.

**ENTER:** This 14th day of December, 2006.

                                                            Senior United States District Judge